GEO. W. TAYLOR *v.* FARMERS FIRE INSURANCE CO.

[58 South. 353.]

1. INSURANCE. *Actions. Limitations by contract. Code of 1906, Secs.*
2575, 3126, 3127. *Constitution 1890, Sec.* 87.

Code 1906, Sec. 2575, providing that conditions or stipulations in
insurance contracts limiting the time within which suit may be
brought thereon to less than one year, shall be void does not pre-
vent such contractual limitation for a period of not less than one
year.

2. SAME.

Code 1906, Sec. 3127, providing that the limitations prescribed in
this chapter shall not be changed in any way whatsoever by
contract between the parties etc., does not repeal or nullify Sec.
2575, in view of the facts that these two sections were adopted
at the same time, are in different chapters and that Sec. 3126
in the same chapter as Sec. 3127 provides that chapter shall
not apply to any suit which is limited by any statute to be
brought within a shorter period than is prescribed in such chap-
ter, and because repeals by implication are not favored by the
courts.

3. CONSTITUTION 1890, SEC. 87. *Special or local laws. Limitation of*
*actions.*

Constitution 1890, Sec. 87, prohibiting the enactment of special or
local laws or the suspension of general laws, etc. is not violated
by Sec. 2575, Code 1906, permitting insurance companies to make
contracts limiting the time in which suits can be brought thereon
to not less than one year.

APPEAL from the circuit court of Yazoo county.

HON. T. H. CAMPBELL, Special Judge.

Suit by Geo. W. Taylor against the Farmers Fire In-
surance Company. From a judgment for defendant,
plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Coleman & McClurg,* for appellant.

The first proposition of appellee is for a harmonious construction that will save the force of both statutes.

The second is, that section 3127 is repugnant to state and Federal Constitutions because it limits the right of contract.

The third is, that "this statute" is in derogation of the common law.

And the fourth and final proposition presented is, that section 3126, controls this issue.

We rely in answer, on Sec. 87 of the Constitution of Mississippi.

"Sec. 87.  No special or local law shall be enacted for the benefit of individuals or corporations, in cases which are or can be provided for by general law, or where the relief sought can be given by any court of this state; nor shall the operation of any general law be suspended by the legislature for the benefit of any individual or private corporation or association, and in all cases where a general law can be made applicable, and would be advantageous, no special law shall be enacted."

We insist that section 2575 is condemned by this section of the Constitution because it is a special law for the benefit of a particular class or private corporations in cases which can be provided for by general law, as in section 3127, and in which relief can be given by the courts of this state.

If this court should call for a substantial legal reason for this special privilege, it would get no satisfactory answer.  The effect of counsel on this point is demonstrative.

There is no question as to the promotion of the health, peace, morals, education and good order of the people, or to legislate so as to increase the industries of the state, develop its resources, or to add to its wealth and prosperity.  4 Ency. U. S. Rep. 356 and notes.  There must be a substantial reason.  32 L. R. A. 664.

If we correctly understand the second contention, set up in counsel's brief it is that, this court is invited to hold that a state may not make a fixed rule for the limitation of actions because it would deprive the people of the right to contract for any limitation that they might desire, in violation of the fourteenth section of our state Constitution, which is, "No person shall be deprived of life, liberty or property except by due process of law." Our object is to hold the appellee and the legislature to this fundamental principle. "Liberty" is free and alike to all, even in contractual relations; not a special blessing to be conferred by law upon a privileged few, or a fire insurance company.

If the fourteenth amendment to the Federal Constitution prohibits the state from enacting a general law on the subject of limiting the time for bringing actions, then we favor "the modification of the fourteenth amendment." And, if necessary to preserve this time, honored power of the state to "repeal the fifteenth."

As we understand it, a statute in derogation of the common law must be strictly construed. It is not void. But the burden is upon those who claim exemption to strictly show cause.

Appellee is given an exception to the general statute of limitations. This being true, we find the rule in *Covington* v. *Frank,* 77 Miss. 618; "It is a rule in the construction of statutes that exceptions must be strictly construed. And where a strict construction is resorted to, the person or thing excepted must come within both the letter and the spirit of the act." Section 2575 has in it that which killeth, but none of that which giveth life.

"A thing which is within the letter of the statute is not within the statute, unless it be within the intention of the lawmakers." *Ott* v. *Lowry,* 78 Miss. 487; *Adams* v. *Yazoo,* 75 Miss. 275; *State* v. *Henry,* 87 Miss. 125.

The appellant could have sued any person, partnership or other corporation than the appellee at any time

within six years after the cause of action arose. He is unjustly discriminated against and denied an equal right against appellee and the due process of law in dealing with this particular insurance company.

There is no question here as to the repeal of section 2575 by section 3127. They are *uno flatu.* One breath, half pure, half foul. Section 2575 a kind of second breath. Both sections born at the same time from the same womb, but not quite twins, 3127 being the child, 2575 the "placenta."

Section 3126 simply applied to any express statute of shorter limitation. It has no application to 2575 because no definite limit is therein fixed except the positive prohibition of one year. "May" is not in it, but "December" is.

Class legislation—"Class legislation is of two kinds namely, that in which the classification is natural and reasonable, and that in which the classification is arbitrary and capricious." 7 Cyc. L. & Pro. 186, note 81; 46 L. R. A. 393.

Section 2575 comes within the condemnation of both classifications, because it is not natural and reasonable that fire insurance companies alone should be thus protected above all other classes of litigants, nor should policy holders alone be so discriminated against, and it is arbitrary and capricious, because there is no substantial reason why appellee's class should be thus favored to the inequality of appellant's class; especially in this state whose public policy is pronounced in favor of placing all corporations under general law. An examination of the authorities quickly show that this appellee is not entitled to this special privilege for any of the reasons upon which they are sometimes granted. 4 Ency. U. S. Rep. 362, note, 97; 8 Cyc. L. & Pro. 1036, *et seq.*

Suppose section 3127 had appended to it this clause, "But this section shall not apply to fire insurance com-

panies." It could not stand the constitutional test. It might as well have been written there as in section 2575. See *Rhode* v. *Kelly,* 88 Miss. 209. In Rhodes case the police powers of the state were involved. In the instant case, none of them.

"A statute may be so framed that, while perfectly fair and valid on its face, it is susceptible of unfair and unequal administration. In such case, its enforcement in an unequal and arbitrary manner for the purpose of oppressing any particular individual or class will be relieved against by the the courts."

"But it must be shown that in its actual enforcement it is unequally and arbitrarily administered and used as an instrument of oppression against the class against whom it was directed." The record in this case shows, as we think, 2575 unconstitutional in that it is an attempt at class legislation favoring fire insurance companies, and in that it is especially aimed at those alone taking policies and suffering loss. And more, the defense and judgment in this case shows the arbitrary administration of it. 4 Ency. U. S. Rep. 367.

We respectfully submit that Sec. 2575 of the Code should be declared unconstitutional.

*McWillie & Thompson,* for appellee.

The only question involved in this case is whether, or not, when more than a year has elapsed since the date of a loss, the stipulation in a fire insurance policy that no suit shall be brought on the same after the lapse of such period is an available defense in view of Sec. 3127 of the Code of 1906. This section is as follows:

"3127. Period of limitations not to be changed by contract. The limitations prescribed in this chapter shall not be changed in any way whatsoever by contract between parties, and any change in such limitations made by any contract stipulation whatsoever shall be absolutely null and void; the object of this statute being

to make the period of limitations for the various causes of action the same for all litigants.''

There would be no doubt of the effect of this section as cutting off the defense but for another section of the same Code. We refer to section 2575 which is as follows:

''2575. No stipulation as to jurisdiction. No company shall make any condition or stipulation in its insurance contract concerning the court or jurisdiction wherein any suit thereon may be bought, nor shall they limit the time within which such suit may be commenced to less than one year after the loss or injury, and may such condition or stipulation shall be void.''

Both of the above provisions appear in the Code of 1906 which went into effect on October first of that year. Like all Codes, the one in question must be construed as a whole. *Ferguson* v. *Monroe County,* 71 Miss. 524; 26 Am. & Eng. Ency. Law (2 Ed.) 617; 26 Cyc. 1167.

And every section of it must be given effect if possible. *Martin* v. *O'Brien,* 34 Miss. 21; 26 Am. & Eng. Ency. Law (2 Ed.) 618; 36 Cyc. 1128.

The rule has been well stated as follows:

''Where two statutes are in apparent conflict, they should be so construed, if reasonably possible, as to allow both to stand and to give effect to each.'' 36 Cyc. 1146.

Taking the Code as a whole and seeking to reconcile the apparent conflict between the sections we have quoted, we should state the effect of the two provisions to be that all contractual limitations on the time for suit shall be unavailing as a defense to litigants except that insurance companies may limit the time to one year from the loss.

This view of the case is much strengthened by the rule which has been stated as follows:

''Where there is one statute dealing with a subject in general and comprehensive terms and another dealing

with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but to the extent of any necessary repugnancy between them, the special will prevail over the general statute." 36 Cyc. 1151; 26 Am. & Eng. Ency. Law (2 Ed.) 619.

Manifestly the subject of a contractual limitation upon suits against insurance companies was particularly engaging the attention of the lawmakers when section 2575 was enacted while the general subject of limitations of actions and the effect of contractual stipulations on the same were in view when section 3127 was enacted.

Section 3127 is one to be strictly construed for two reasons:

First, it is one in derogation of personal right, as the right to make contracts. *Prescott* v. *Railroad Co.,* 73 Fed. 438; 26 Am. & Eng. Ency. Law (2 Ed.) 662; 36 Cyc. 1173.

Second, it is one in derogation of the common law, such a contractual limitation being valid at common law, *Hemingway* v. *Scales,* 42 Miss. 1; Am. & Eng. Ency. Law (2 Ed.) 662.

The meaning of section 2575 being plain, it must be given effect unless it can be said to have been repealed by section 3127. It cannot be said to have been repealed because both sections went into effect at the same time and the Code of which they both form parts is to be treated as an entirety. Moreover, it is not expressly repealed and repeals by implication are not favored. In cases of seeming conflict, the courts will, if possible, adopt such construction as will give effect to both. *Smith* v. *Vicksburg,* 54 Miss. 615; *Pons* v. *State,* 49 Miss. 1; *Beard* v. *Lee County,* 51 Miss. 542; *Deaton* v. *Burchart,* 59 Miss. 144; *Board of Education* v. *Aberdeen,* 56 Miss. 518.

Again, it cannot be doubted that section 2575, provides a limitation of one year as to actions on all policies of insurance containing a corresponding stipulation and under another provision of the Code, Sec. 3126, it is necessarily controlling.

This section reads as follows:

"The provisions of this chapter shall not apply to any suit which is or shall be limited by any statute to be brought within a shorter period than is prescribed in this chapter, but such suit shall be brought within the time that may be limited by such statute."

Undoubtedly section 2575 is a statute not in the chapter on "Limitation of Actions," which affirmatively recognizes the right to limit to a shorter period the right of action on such policies of insurance; and that the legislature meant that such period should govern the case is perfectly manifest. The three Code sections taken together fully justify the action of the court below in overruling the demurrer to defendant's fifth plea. We refer the court to the able opinion of Hon. T. H. Campbell, special judge, which is made a part of the record.

We have hitherto considered only the question of construction but there is also involved the question as to whether, or not, section 3127 was within the legislative authority, if intended to include such stipulations in insurance policies. In other words, could the legislature thus restrict the liberty of contract without doing violence to the fourteenth amendment to the Federal Constitution providing that no state shall deprive any person of life, liberty or property except by due process of law.

The term "liberty" as protected by the Federal and State Constitutions includes the liberty of contract. 18 Am. & Eng. Ency. Law (2 Ed.) 1125, 25 Cyc. 590 and cases cited in notes. An insurance company is not a public service corporation, the reasonableness of all

whose regulations is subject to legislative control; and it is noteworthy that without section 2575 being in any way involved Chief Justice Mayes, when applying section 3127 to the facts presented in *Dodson* v. *Telegraph Co.*, anticipated the distinction between the two classes of corporations now drawn, remarking in his response to the suggestion of error, that "The attitude of a public service company towards the public is quite different from that of an insurance company." 52 South. 693.

McLEAN, J., delivered the opinion of the court.

The appellant brought suit on a fire insurance policy issued by appellee. The defendant, among other pleas, pleaded that there was a provision in the policy to the effect that no suit or action on the policy for the recovery of any claim shall be sustainable, unless commenced within twelve months next after the fire. The plaintiff demurred to this plea. The demurrer being overruled, plaintiff declined to reply, and judgment was entered for the defendant.

The distinguished gentleman who presided as special judge in the court below delivered the following opinion:

"This matter is submitted on the demurrer to the defendant's fifth plea, which sets up the bar for one year provided in the policy as a defense to the declaration. The question submitted involves the construction of section 2575 of the Code of 1906, which is in the following language: 'No company shall make any condition or stipulation in its insurance contract concerning the court of jurisdiction wherein any suit thereon may be brought, nor shall they limit the time within which such suit may be commenced to less than one year after the loss or injury, and any such condition or stipulation shall be void.' Section 3127 provides as follows: 'The limitations prescribed in this chapter shall not be changed in any way whatsoever by contract between parties, and any change in such limitations made by any

contract stipulation whatsoever shall be absolutely null and void, the object of this statute being to make the period of limitations for the various causes of action the same for all litigants.' Does section 3127, *supra,* repeal section 2575? I think not. The two statutes were passed *pari passu.* The Code was adopted at the same time as far as these chapters are concerned. These two statutes must be construed, if possible, so as to permit both to stand, as repeals by implication are not favored by the courts. The insurance chapter is a chapter distinct by itself. Section 3127 by its terms says: 'The limitations prescribed in this chapter shall not be changed,' etc. The limitation in section 2575 is entirely a distinct chapter, and it was in regard to a sub-' ject that was the object of special legislation. It is contended that section 2575 does not give a positive right to an insurance company to contract for a shorter period for bringing suit on its policy than the periods of limitation prescribed in chapter 87, section 3127; but, if any effect is to be given to the language in section 2575, it must be that the right is given by necessary implication to insurance companies to contract for a period of limitations not less than one year. I conceive that section 2575 is to be construed as if it read 'in-surance companies shall have a right to contract that no suit shall be brought upon its policy after the expiration of one year from the loss or injury.' In this connection I call attention to section 3126 of the Code, which is as follows: 'The provisions of this chapter shall not apply to any suit which is or shall be limited by any statute to be brought within a shorter period than is prescribed in this chapter, but such suit shall be brought within the time that may be limited by such statute.' Section 2575 of chapter 69, having said in substance, as I construe it, that suits upon insurance policies shall not be brought after the expiration of one year from the date of loss or injury, and section 3126, chapter 87, having held this

permissible, judgment is that the demurrer to the fifth plea be and is hereby overruled.''

We fully concur in this most excellent exposition of the law in this case.

Appellant earnestly contends that section 2575 of the Code of 1906 is unconstitutional, in this: That it conflicts with section 87 of the Constitution of 1890, which prescribes that ''no special or local law shall be enacted for the benefit of individuals or corporations, in cases which are or can be provided for by general law, or where the relief sought can be given by any court of this state; nor shall the operation of any general law be suspended by the legislature for the benefit of any individual or private corporation or association, and in all cases where a general law can be made applicable and would be advantageous, and no special law shall be enacted.''

We confess, without entering into a full discussion, our inability to appreciate the argument of appellant upon this proposition.    *Affirmed.*