McBride *et al.* v. Burgin.[*]

(Division A. April 26, 1926.)

[108 So. 148.  No. 25584.]

1. LIMITATION OF ACTIONS.

Legislature may extend or shorten period of any statute of limitation as in its judgment it deems best.

2. MORTGAGES. *Trustee's deed to purchaser showing on its face that sale was made after it was barred by statute of limitations held valid, where marginal reference was made within six months showing renewal of original indebtedness (Code 1906, sections 2796, 3093, 3097; Hemingway's Code, sections 2297, 2457, 2461).*

Under Code 1906, section 2796 (Hemingway's Code, section 2297), trustee's deed to purchaser showing on its face that sale was made after limitations in Code 1906, sections 3093, 3097 (Hemingway's Code, sections 2457, 2461), had run on original indebtedness, *held* valid, where creditor had within six months

entered marginal reference showing original note had been extended.

---

*Corpus Juris-Cyc References: Limitation of Actions, 37CJ, p. 687, n. 47. Mortgages, 27Cyc, p. 1462, n. 71; Legislative modification of statute of limitation, see 17 R.C.L. 672; 3 R.C.L. Supp. 721.

APPEAL from circuit court of Oktibbeha county.

HON. J. I. STURDIVANT, Judge.

Action by D. A. Burgin against C. O. McBride and others, wherein one Palmer and other intervened. Judgment for plaintiff, and defendants appeal. Affirmed.

*Daniel & Greene,* for appellants.

The only questions before this court are questions of law and the construction of our statutes. The note secured by the trust deed foreclosed was due December 1, 1918. The property was foreclosed December 15, 1924, fifteen days after the note and deed of trust were barred by our statutes of limitation.

Is it possible that section 2297, Hemingway's Code, can be so construed as to make it retroactive? The trustee's deed recites upon its face that it was foreclosed because of the nonpayment of a note described in the trust deed maturing December 1, 1918. The conveyances to appellant were made with that record of the foreclosure. Now after suit had been filed for possession of the land foreclosed, could life be blown into that foreclosure by having the record recite an extension?

The notation made on the margin of the trust deed record on May 22, 1925, could certainly not breathe life into a foreclosure made on December 15, the preceding year. When appellee deraigned title on May 12, 1925, he had not at that time made any notation on the margin of the record about renewal.

Again, we say that no matter how the marginal notation might affect the right of appellee and his trustee to foreclose properly under the renewal note, this foreclosure was had under the barred note. The courts have

universally held that statutes permitting the foreclosure of property must be strictly construed and rigidly followed. *Jones* v. *Salmon,* 91 So. 199.

*B. F. Bell,* for appellee.

From our view of the case, the whole issue depends upon the settlement of one proposition; that is, whether Burgin's claim was barred by the statute of limitation at the time the trustee's deed was executed to him on December 15, 1924, rendering the same void? We contend with confidence and sincerity that this indebtedness was never barred by the statute of limitation because some two years and five months prior to the operation of the statute, while the original note was in full force and effect, the renewal note was executed by Palmer, which extended the life of this indebtedness until August 31, 1928. When D. T. Palmer undertook to convey away the land covered by his deed of trust to Burgin, he knew that this renewal note was outstanding and that the very land he conveyed was encumbered for the amount of the value of his renewal note.

However, appellants attack the validity of Burgin's trustee's deed on the ground that the marginal entry appertaining to the renewal note was not made until so many years, months and days had transpired from the date of said note. We submit that under section 2796, Code of 1906 (section 2297, Hemingway's Code) there is no time limit within which such entries may be made except "within six months after such remedy is barred."

At the time the appellants bought this property from D. T. Palmer, notwithstanding the fact that the trustee's deed to Burgin was a matter of record, and even though the trust deed "appeared on the face of the record to be barred by the statute of limitation," as a matter of fact, it was not barred, and under the statute quoted above, he had until May 31, 1925, in which to enter the fact of the renewal on the margin of the record. This statute has been construed repeatedly and nothing contrary to

this contention has ever been held by this court. *Klaus* v. *Moore,* 77 Miss. 701; *Bank of Lexington* v. *Cooper,* 115 Miss. 782; *Smith* v. *Childress,* 119 Miss. 20.

The marginal entry upon the face of the record is all that the law requires. The record of the trust deed is what constitutes notice, and not the trust deed itself. Hence, there is no reason why the trust deed itself should bear such entry.

McGowen, J., delivered the opinion of the court.

This is an action of ejectment brought by D. A. Burgin against C. O. McBride et al. for the possession of lands in Oktibbeha county. The ejectment suit was filed against the tenants, and the alleged landlords, Palmer, Greene, and Daniel were permitted to file pleas and come in as parties. The case was tried before the court, and from a judgment in favor of the plaintiff the defendants appeal.

D. T. Palmer, not a party to this suit, on August 24, 1918, being the owner of the lands involved, gave D. A. Burgin a trust deed thereon to secure his promissory note for four hundred seventy-one dollars and thirty-six cents, due December 1, 1918; both the trust deed and the note being signed by D. T. Palmer and his wife. The note was described in the trust deed. On December 15, 1924, six years and fifteen days after the date of maturity of the note, B. F. Bell, the trustee in said trust deed, conveyed the land after advertising and selling the same to the appellee, D. A. Burgin, the mortgagee in the trust deed, and in this deed which Bell, trustee, executed in favor of Burgin, the purchaser, there was specific reference to the certain promissory note described in the trust deed contemporaneously therewith, and the further statement that default has been made in the payment of the indebtedness therein secured.

On July 1, 1922, D. T. Palmer executed a new note for six hundred six dollars and forty six cents, due December 1, 1922, and the note contained this recitation:

"This note is in renewal of note due D. A. Burgin December 1, 1918, and is secured by trust deed of record in Deed Book 142 section 488, Oktibbeha county," etc.

There was nothing in the trustee's deed to indicate that this renewal note of July 1, 1922, was in existence, and the trustee's deed was promptly recorded.

In the chancery clerk's office the following marginal reference or notice was entered in said Deed Book 142, at page 488, on which page the trust deed from Palmer to Burgin was recorded:

"The within note and trust deed securing same has been extended and renewed by the execution by D. T. Palmer of renewal note for balance due on said note and interest thereon in the sum of six hundred six dollars and forty-six cents. Dated July 1, 1922, due December 1, 1922. This the 22d day of May, 1925.

> "[Signed] D. A. Burgin.
> "Attest: J. E. Buckner, Clerk."

The trustee's deed to Burgin was executed on the day of the public sale of the lands in controversy and recorded on the following day, December 16, 1924.

In January and February, 1925, D. T. Palmer, the mortgagor above named, executed deeds to the above-named landlords to the land in controversy, divesting himself of whatever title he may have had.

Section 2457, Hemingway's Code (section 3093, Code of 1906), is as follows:

"When a mortgage or deed of trust shall be given on real or personal estate, or when a lien shall be given by law to secure the payment of a sum of money specified in any writing, an action or suit or other proceeding shall not be brought or had upon such lien, mortgage, or deed of trust to recover the sum of money so secured but within the time that may be allowed for the commencement of an action at law upon the writing in which the sum of money secured by such mortgage or deed of trust may be specified; and in all cases where the remedy

at law to recover the debt shall be barred, the remedy in equity on the mortgage shall be barred."

Section 2461, Hemingway's Code (section 3097, Code of 1906), provides:

"All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after."

Under these provisions, the original note secured by the deed of trust became barred by the statute of limitation six years from December 1, 1918, and on December 15, 1924, the date of the sale of the land under the trust deed, the note and trust deed were barred by the statute of limitation of six years, unless the notation on the record of the renewal of the note executed July 1, 1922, which renewal was entered on May 22, 1925, at a time when this ejectment suit was pending, extends the time of constructive notice for six months, and unless said notice so entered operates as constructive notice to purchaser for value.

It is earnestly insisted by the appellants that the recital in the deed and the failure to make notation of the renewal of the original note on the margin of the record misled them, but in the light of the language of the statute applicable we do not think this position is maintainable.

Section 2297, Hemingway's Code (section 2796, Code of 1906), applicable here, is as follows:

"Where the remedy to enforce any mortgage, deed of trust, or other lien on real or personal property which is recorded, appears on the face of the record to be barred by the statute of limitations, the lien shall cease and have no effect as to creditors and subsequent purchasers for a valuable consideration without notice, unless within six months after such remedy is so barred the fact that such mortgage, deed of trust, or lien has been renewed or extended be entered on the margin of the record thereof, by the creditor, debtor, or trustee, attested by the clerk, or new mortgage, deed of trust, or

lien, noting the fact of renewal or extension be duly filed for record within such time.''

The plain stipulation of this statute is that there is constructive notice where there has been a renewal *bona fide* tolling the statute of limitation, and the one who purchases has notice of this statute although he may not know that the renewal has been executed; but the only stipulation of the statute is that the marginal note of the renewal note or extension be entered on the margin of the record within six months after such remedy is barred, and that was done in this cause. In other words, by this statute full effect is given to the renewal note, and the lien of the mortgage is preserved provided only this part of section 2297, Hemingway's Code (section 2796, Code of 1906), is complied with by the party in interest, and any purchaser or other incumbrancer has notice of this statute, and in such case of such renewal and of such entry on the margin of the record of the original trust deed, the effect is that the time is extended from six years to six years and six months, during which period there is a constructive notice to purchasers for value.

We know of no reason why the legislature may not extend or shorten the period of any statute of limitation as in its judgment it deems best, and, giving effect to this statute, the deed from Bell, trustee, to Burgin is valid and binding, and in January and February, 1925, D. T. Palmer no longer had title in these lands because he had renewed the note, although in this case the entry thereof made on the margin of the record of the renewal was not entered until five months and twenty-two days had elapsed from the time the note and trust deed appeared to be barred by the statute of limitations.

There are other objections urged, but they do not appear to us to be worthy of mention here.

The judgment of the court below is affirmed.

*Affirmed.*