Neely *et al. v.* Craig *et al.*

(Division B. Feb. 15, 1932.)

[139 So. 835. No. 29681.]

Maynard, FitzGerald & Venable, of Clarksdale, for appellants.

714

J. L. Williams, Forrest G. Cooper and S. D. Neill, all of Indianola, for appellee.

716

**Ethridge, P. J.,** delivered the opinion of the court.

Mary Byrd Neely and other minor heirs of Allen D. Neely, by next friend, John A. Neely, and Edward Allen Neely, sui juris, adults, heirs of said Allen D. Neely, brought suit against J. F. Craig and various other parties who had acquired the lands involved in this suit through Craig, to set aside a conveyance made in pur-

suance of a sale of the lands made by Tyna W. Neely, widow and administratrix of the estate of Allen D. Neely and mother of the complainants.

The bill alleged that about the 15th day of March, 1922, Tyna W. Neely, as administratrix of the estate of Allen D. Neely, without authority of law, sold and transferred to J. F. Craig the lands described in the bill; the alleged consideration being, as stated in the bill, twenty-one thousand dollars cash, and six hundred acres of land also described in the bill. It was also alleged that said deeds were illegal and unlawful, and were executed by persons unauthorized in law and in equity to convey lands, and that said deeds did not convey title. It was further alleged that the lands conveyed by Tyna W. Neely consisted of one thousand three hundred sixty-one acres, of which eight hundred acres were in a high state of cultivation, with a rental value of ten dollars per acre, and that said sale was made by Tyna W. Neely by virtue of a pretended order of the chancery court, for the purpose of paying debts, but that it was utterly null and void; that Allen D. Neely owed no debts, and that the complainants were not made parties to the proceeding, and that no proof was ever made as to the necessity for sale, and no notice was given of the petition to sell the lands; that said sale was conducted and consummated in an illegal and improper manner at the wrong time, the wrong place, and to the wrong persons, for the wrong consideration; that said decree and pretended sale were without authority of law; and that J. F. Craig got no title to any land except to the undivided interest of Tyna W. Neely in said property.

The defendants answered the bill, and the case was tried. It was agreed in the trial that Craig had paid twenty-one thousand dollars and had executed a deed to six hundred acres of timber land as the purchase price of said one thousand three hundred sixty-one acres of land, and that said Craig had been in possession for

more than two years, in good faith so far as any actual intent was concerned; in other words, that Craig had consummated the purchase under the decree of the chancellor, giving the consideration requested, and that he had been in actual possession, acting in good faith, so far as he was concerned.

It appears that Tyna W. Neely, on February 24, 1922, filed a petition in the chancery court, setting up that she was administratrix of the estate of Allen D. Neely, deceased, and that since she has been appointed administratrix she had administered said estate to the best of her ability, endeavoring to pay all the debts, but that said estate, at the time of the death of the decedent, had no personal property, choses in action, etc., coming into her hands as administratrix, and that said estate was insolvent, but that there were considerable debts to be paid, many of which she had paid out of her private funds in order to protect the estate, and that it would be necessary for her to pay out considerable money for the preservation of the estate. She set out a list of the notes and obligations owing by said estate, amounting to twenty-eight thousand five hundred eighty-four dollars and fifty-five cents, including notes, taxes, etc., which were alleged to be liens upon the lands described in the petition. She further alleged that it would be impossible for her to set out in full the expenses under said estate, but that it would require an enormous amount of work, and considerable expense to adjust and administer said estate. She further alleged that it was extremely difficult to raise cash money, and that she deemed it unadvisable to further incumber the lands belonging to the estate, but that the lands could be sold and that such sale would not be prejudicial to the heirs and distributees of the estate, and that she had been offered by J. F. Craig twenty-one thousand dollars cash, and six hundred acres of timber land, describing same, of the value of

thirty-five dollars per acre, which would make a total offer of forty-two thousand dollars for the lands asked to be sold. She further alleged that said offer was a reasonable, fair, and an adequate price for the lands desired to be sold. She set out the names of the heirs and distributees, and prayed for an order commanding said heirs to appear before the court in vacation at a time and place to be fixed by the chancellor, and for an order allowing her to sell said lands for the purpose of discharging said debts, at the price named, and that the deed to the six hundred acres of timber land from J. F. Craig be made to the heirs and minor children, subject to the debts of the estate.

The chancellor fixed the 27th day of February, 1922, as the date of hearing, and directed notice to be served upon the minor heirs. The chancery clerk issued process, and the sheriff made return of the service on the minors on the 27th day of February, alleging that he had delivered a copy of the summons to each of said minors, and a copy to Tyna W. Neely, their mother. On the present hearing, the chancellor permitted an amendment to be made of this return to show it was served on February 24th, on all the minors except one, and that one on the 25th day of February. On the 27th day of February, the court appointed a guardian ad litem, Y. E. Howell, chancery clerk, for said minors, and said guardian filed an answer setting up knowledge of the matters set forth in the petition to sell the real estate, and that the averments of same were true, but said guardian did not recommend any course for the court to take in reference thereto, leaving that entirely to the court. On the same day, the court entered a decree granting the prayer of the petition and directing a sale to be made for not less than forty-two thousand dollars, and directing that, if there was not a better bid than Craig's his bid be taken, and the administratrix gave notice as directed in the decree of five days. Said lands were accordingly sold to J. F. Craig for twenty-one thousand dollars cash, and the execution of a deed to six hundred acres of woodland free and unincumbered as mentioned. Notice was then given of an application

for confirmation of the sale in vacation on a named date at Marks, Mississippi, a point within the chancellor's district, but outside the county where the land was and where the minors resided. Five days' notice was served upon the minors and the guardian ad litem, of this hearing, and at the time and place of the hearing the sale was confirmed, and the deeds were exchanged, and twenty-one thousand dollars in cash paid.

Shortly before the filing of the present suit on August 18, 1926, the complainants, by their next friend, John A. Neely, filed suit against Tyna W. Neely and the sureties on her bond, alleging that she had wasted the estate, and was wholly incompetent to conduct the administration of the estate, setting up that the estate was worth some three hundred thousand dollars, and praying for her removal as administratrix, and for a judgment against her and the sureties on her bond for a large amount of the property wasted or lost by her. On final hearing in that case, the court rendered a judgment against Tyna W. Neely and her bondsmen, one of whom was a banking institution with the power of executing suretyship, but which was then insolvent and being administered by the banking department, for the sum of one hundred forty-eight thousand dollars. She was removed from her place as administratrix of said estate. No money had been collected on this judgment at the time of the trial of the present suit.

It will be seen from the above statement that more than two years had elapsed since the confirmation of the sale made by the administratrix under order of the chancery court, before the suit above set forth was filed against the administratrix.

The chancellor found for the defendants and dismissed the bill, proceeding upon the theory that the defects, whatever they might be, in the sale by the administratrix, were cured by section 2315, Code of 1930, reading as follows: "An action shall not be brought to recover any

property hereafter sold by order of a chancery court, where the sale is in good faith and the purchase-money paid, unless brought within two years after possession taken by the purchaser under such sale of the property.''

The appellants contend that this statute does not apply because the court never acquired jurisdiction, and because the transaction above set forth, giving six hundred acres in part payment of the purchase price, was not a sale in good faith and the purchase price paid.

It is argued that the chancellor had no power to fix less than five days' notice for the hearing, and that section 694, Code of 1930, providing that when a petition shall be filed to sell or lease lands to pay debts, or otherwise affecting the real estate of a deceased person, all parties interested shall be cited by summons or publication, which shall specify the time and place of hearing the petition, and, if the petition be filed by a creditor or by a purchaser to correct a mistake in the description of the land, the executor or administrator shall be cited, does not require the chancellor to fix the time in which the notice shall be given, but that five days' notice shall be given under the general statute providing for notice in judicial proceedings.

By section 159 of the constitution the chancery court has full jurisdiction in (a) all matters in equity; (c) matters testamentary and of administration; and (d) minor's business. It therefore had jurisdiction of the subject-matter and had the power to order sale of the estate, and did, in assuming to fix the time and place of hearing, exercise jurisdiction, requiring notice to be given of the hearing, and the minors were actually served by process prior to the granting of the petition, having been brought into court. Under the process, whether for sufficient time or not, the court had jurisdiction of the minors, and, to protect their interest, appointed a guardian ad litem, who, being a chancery clerk, we must assume was a suitable and competent person, and who un-

derstood his duties as such, and who, after investigation, answered for the minors showing that he had investigated the facts set forth. Whether the time ought to be five days, or whether the chancellor can fix a less period of time, is not material here, for the reason that the court had jurisdiction of the minors and of the subject-matter. That being true defects in the process and insufficiency of time, if it should be conceded to be insufficient, would not prevent section 2315 from applying.

In 1876, the court construed the statute as it then existed in the case of Morgan v. Hazlehurst Lodge, 53 Miss. 665, in which case it was held that the statute was meant to cure all defects in the probate sale, no matter from what cause, whether before or after decree, unless the heir brought his action within the prescribed time. See, also, Hall v. Wells, 54 Miss. 289, Summers v. Brady, 56 Miss. 10, and Foster v. The Y. & M. V. R. Co., 72 Miss. 889, 18 So. 380. In the case of Summers v. Brady, supra, Judge CHALMERS, speaking for the court, construing the statute as contained in the Revised Code of 1871, section 2173, said: "It is settled that that statute bars a recovery by the heirs, notwithstanding defects in the proceedings of sale, even though some or all of them had no notice of the proceedings. Morgan v. Hazlehurst Lodge, 53 Miss. 665; Hall v. Wells, 54 Miss. 289. But the requirement of the statute is, that 'the sale shall have been made in good faith, and the purchase-money paid.' In this case, the purchase-money was paid by actual payment of the pro rata decreed on all the probated claims against the estate except those held by Drone and Sivley, and by the extinguishment of these in the reception of the land. We think, therefore, that the requirement that the purchase-money should be paid is fully met."

In the case at bar, the minors had notice served upon them, and, in order that they might be more fully protected, the court appointed a guardian ad litem to act for them. This guardian ad litem reported to the court

that he was familiar with the facts, and the court thereupon adjudged granting the relief prayed for—the sale of the lands to pay the debts of the estate. In the petition for sale of the lands, it was alleged that the debts therein set forth constituted liens upon the lands, and that there were no means in the hands of the administratrix to discharge these liens.

We have, therefore, a case of property inherited by minors subject to liens superior to their rights which might be foreclosed, defeating the minors' inheritance, should the land not bring a fair price at the sale. The court, having constitutional jurisdiction of both the administration of estates of decedents and the business of minors, was presented with a case where apparently some action was necessary both to pay the debts and to protect the interest of the minors. It appeared at the hearing that the interest of the minors would be best served by permitting them to take the six hundred acres of land free from incumbrances, rather than to take the chances of selling their land at public outcry for cash. The court has full power to decree changes in property, or sell property for reinvestment for infants. Kelly v. Neville, 136 Miss. 429, 101 So. 565, and the authorities there cited.

The court's jurisdiction was not limited to the subject-matter of the administratrix's sale, but it also had jurisdiction of the minor's business. Where the court has full constitutional jurisdiction, it is not entirely dependent upon the statute as to procedure. Ames v. Williams, 72 Miss. 760, 17 So. 762. The statute may regulate procedure and prescribe it, and, if the court fails to observe the statute's regulations, the judgment may be reversed on appeal; but, where it has full jurisdiction of the subject-matter, and has acted under the procedure adjudged by the court to be sufficient, and where the parties have actually been served with notice and have failed to act within the period prescribed by section 2315, its judg-

ment will not be absolutely void, and cannot be collaterally attacked.

We think the payment of twenty-one thousand dollars cash, and the deeding of the six hundred acres of timber land, under decree of the court, in good faith, is a sufficient payment of the purchase money to bring it within the protection of the statute.

We see no reason in a proper case why the court, looking to the interest of the minors, for whom it is parens patriae, could not provide, after a full and adequate inquiry, for payment, in part, of debts in other commodities or land. It is true that this is a power that ought to be exercised with great caution, but we assume that the court did act with caution and prudence and on full inquiry. The statute was intended to give confidence to sales under orders of the chancery court. The purpose of the statute, and the evils to be guarded against, are fully discussed in the cases cited.

We are therefore of the opinion that the judgment must be affirmed.

Affirmed.