BARBOUR v. WILLIAMS et al.

(In Banc. April 24, 1944. Suggestion of Error Overruled, May 22, 1944.)

[17 So. (2d) 604. No. 35582.]

410

**Bridgeforth & Love,** of Yazoo City, for appellant.

Ruth Campbell, of Yazoo City, and H. F. Jones, of Belzoni, for appellees.

**Alexander, J.,** delivered the opinion of the court.

Complainants were the minor devisees under the will of Louisa Crump, their grandmother. The lands here involved were foreclosed under a deed of trust executed under court decree by Clarence Perry, guardian of said minors, to discharge a pre-existing deed of trust given by Louisa Crump. At the foreclosure sale in 1929, appellant became the purchaser and took possession under trustee's deed. Such possession had continued for a

period just three days short of ten years before bill herein was filed. Complainants alleged certain irregularities in connection with the administration and guardianship proceedings, attacked the validity of the guardian's deed of trust and sale thereunder, and sought to have canceled the title and claim of appellant to the lands.

After the overruling of defendant's demurrer, he filed answer to which were attached two special defenses by way of plea. Such defenses were (1) that the suit of complainants was barred by Chapter 250 of the Laws of 1934; and (2) defendant was a bona fide purchaser. The chancellor sustained the second plea but overruled the first. The final decree canceled the defendant's trustee's deed and adjusted equities between the parties. Defendant appeals.

The chancellor either foreclosed or decided adversely to complainants all issues save the invalidity of the trustee's sale and the inapplicability of the 1934 Act. There is no cross appeal. The defect in the foreclosure proceedings was found to be in the description in the notice of sale under 1 Miss. Code 1942, Section 888 (Code 1930, Section 2167) of the mortgagor as "Clarence Perry, guardian of minors Perry," whereas the deed of trust properly described him as "guardian of minors Crump."

We forego consideration of the effect of this discrepancy since such defect relates to the description of the mortgagor, and if the Act of 1934 is an effective bar it is decisive. Chapter 250, Laws of 1934, is as follows: "All . . . mortgagors of real estate . . . located within this state . . . who may have [the] right to have set aside . . . any title to such real estate by reason of the . . . neglect . . . of any trustee . . . to insert in any notice of sale of such real estate, the name of said . . . mortgagor . . . shall commence suit in the court having jurisdiction of such cause of action within twelve months from the passage of this act, and upon the failure . . . of such . . . mortgagor . . . or other person to commence suit

within said time, the right to bring such suit, and the remedy to enforce such right of action shall be deemed thereafter to be completely extinguished . . ." It is conceded that appellant met the further proviso of the act that he as purchaser had been in the constructive possession of the property for a little over five years prior to the filing of this suit.

The learned chancellor held the 1934 act to be ineffective, and if applied so as to restrict the application of the general ten year statute (1 Miss. Code 1942, Sections 709, 711) would run afoul of the constitutional prohibition against impairment of contracts, and that it was otherwise invalid as class or private legislation. We are unable to accede to these views and need not elaborate the latter point beyond reference to McLendon v. McGee, 189 Miss. 712, 198 So. 725. See also Taylor v. Farmers Fire Ins. Company, 101 Miss. 480, 58 So. 353; Nash v. Fletcher, 44 Miss. 609.

The right to sue is distinct from the right sought to be enforced. The latter is a substantive right and is not subject to legislative impairment. The former is remedial and can be enlarged or diminished provided a reasonable time is allowed in which to enforce the vested right. Hill v. Boyland, 40 Miss. 618; Hall v. Wells, 54 Miss. 289, 297; Briscoe v. Anketell, 28 Miss. 361, 61 Am. Dec. 553; Russell Inv. Co. v. Russell, 182 Miss. 385, 416, 178 So. 815, 182 So. 102; McBride v. Burgin, 142 Miss. 859, 108 So. 148; Gilfillan v. Union Canal Company, 109 U. S. 401, 3 S. Ct. 304, 27 L. Ed. 977; 12 Am. Jur. Constitutional Law, Sec. 445, p. 89. One year is a reasonable period. Hall v. Wells, supra; Morgan v. Hazlehurst Lodge, 53 Miss. 665; Foster v. Yazoo & M. V. R. Company, 72 Miss. 886, 18 So. 380; Campbell v. Horne, 147 Fla. 523, 3 So. (2d) 125.

To avoid the impact of these decisions, appellee contends that 1 Miss. Code 1942, Section 888, provides "An error in the mode of sale such as makes the sale void will not be cured by any statute of limitations, except as to the ten-year statute of adverse possession." The last

clause did not create a limitation but merely left its efficacy unimpaired despite the preceding provision. As to the first quoted clause, it is clear that the legislature was competent to insert it, modify it, or repeal it.

This brings us to the last contention that the limitation may not be asserted against the guardian, or his wards who are minors. Minority does not per se bestow immunity. There must be a legislative saving in their favor. Summers v. Brady, 56 Miss. 10; Foster v. Yazoo & M. V. R. Company, supra; Morgan v. Hazlehurst Lodge, supra; Neely v. Craig, 162 Miss. 712, 139 So. 835; Lane v. Travelers Ins. Company, 230 Iowa 973, 299 N. W. 553 Vance v. Vance, 108 U. S. 514, 2 S. Ct. 854, 27 L. Ed. 808; 34 Am. Jur. Lim. of Actions, Sec. 197, p. 158; 37 C. J., p. 707.

The defendant's first special plea ought to have been sustained.

Reversed and decree here for appellant.